UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

OSCAR VIVALDO and GUADALUPE
ROJA MORALES, on behalf of themselves and all
others similarly-situated,

                Plaintiffs,

        -against-

UNITED TALMUDICAL ACADEMY OF
KIRYAS JOEL, INC., and WOLF GLUCK, an
individual, and, ARON SPITZER, an
individual,

                Defendants.

----------------------------------------------------------------X

**AMENDED**
**COMPLAINT**

**Docket No. 14-CV-2636
(LAK) (FM)**

Jury Trial Demanded

     Plaintiffs OSCAR VIVALDO (hereinafter, "Plaintiff Vivaldo") and GUADALUPE

ROJA MORALES (hereinafter, "Plaintiff Morales") (collectively, "Named Plaintiffs"), on behalf

of themselves and all others similarly-situated (collectively as "FLSA Plaintiffs" or "Rule 23

Plaintiffs"), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for

their Complaint against UNITED TALMUDICAL ACADEMY OF KIRYAS JOEL, INC.

(hereinafter, "Defendant UTA"), and WOLF GLUCK, (hereinafter, "Defendant Gluck"), an

individual, and ARON SPITZER (hereinafter, "Defendant Spitzer"), an individual (all

collectively as "Defendants"), allege upon knowledge as to themselves and their own actions and

upon information and belief as to all other matters as follows:

## NATURE OF CASE

    1.    This is a civil action for damages and equitable relief based upon violations

committed by Defendants of Named Plaintiffs' rights guaranteed to them by: (i) the overtime

provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, N.Y. Lab. Law § 652(1); (v) the requirement that employers furnish employees with wage statements containing specific categories of accurate information under the NYLL § 195(3); (vi) the anti-retaliation provision contained in Section 215 of the NYLL; (vii) New York common law providing for a private cause of action for assault; and, (viii) any other claims(s) that can be inferred from the facts set forth herein.

2.    Named Plaintiffs brings this lawsuit as a collective action pursuant to the provisions of 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.

3.    Named Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

4.    Named Plaintiffs bring the retaliation claim on behalf of only themselves pursuant to the NYLL, and Plaintiff Vivaldo brings the assault claim on behalf of only himself under New York common law.

## JURISDICTION AND VENUE

5.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

6.     Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as one or more of Defendants reside within this judicial district.

## PARTIES

7.     At all relevant times herein, Named Plaintiffs are residents of the State of New York and are "persons" and "employees" entitled to protection as defined by the FLSA and NYLL.

8.     At all relevant times herein, Defendant UTA is an educational institution with its principal place of business located at 55 Forest Road, No. 201, Monroe, New York 10950.

9.     At all relevant times herein, Defendants Gluck and Spitzer were and remain administrators at Defendant UTA and are directly responsible for supervising and controlling the employment of Named Plaintiffs.  Defendants Gluck and Spitzer make managerial decisions for Defendant UTA.

10.     Defendant Spitzer personally hired Plaintiff Vivaldo to work as a cook at a kitchen at an all-male UTA school in Kiryas Joel.

11.     Approximately one month after Plaintiff Vivaldo began working for Defendant UTA, Defendants hired Mr. Vivaldo's wife, Plaintiff Morales, to work in a similar capacity at another UTA school for female students.

12.     At all relevant times herein: all Defendants are "employers" and "persons" within the meaning of the FLSA and NYLL.  Additionally, Defendants' qualifying annual business exceeds $500,000 and Defendants are engaged in interstate commerce within the meaning of the FLSA as they purchased and used food products, cleaning and maintenance supplies and other supplies provided by outside vendors in the course of their business that originated in states other than New York, and also served a national and international clientele, such as students, day visitors, and guests who regularly travelled to states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements.  Furthermore, all of Defendants' employees, including Named Plaintiffs and FLSA Plaintiffs, are individually engaged in interstate commerce, as they all handle and cook with goods that have been and continue to be moved in interstate commerce.  This independently subjects Defendants to the overtime requirements of the FLSA with respect to Named Plaintiffs and FLSA Plaintiffs.

## PRELIMINARY STATEMENT

13.     Named Plaintiffs were non-salaried, non-managerial and non-exempt hourly employees of Defendants.  Throughout their employment, as described below, Named Plaintiffs regularly worked far in excess of forty hours per week.  Yet during the course of Named Plaintiffs' employment with Defendants, Defendants simply refused to pay Named Plaintiffs an overtime rate of time and one-half their regular hourly rates of pay for any hours worked in excess of forty per week, nor at the minimum wage rate for all hours worked.

14.     Further, Defendants failed to furnish Named Plaintiffs with accurate and/or complete wage statements as required by and in violation of NYLL § 195(3), as the wage statements that Defendants provided failed to: list Named Plaintiffs' overtime rates of pay;

accurately compute Named Plaintiffs' gross wages using their overtime rates of pay; and explain how Named Plaintiffs' wages were computed.

15.     Defendants paid all of their non-managerial, non-exempt hourly employees in this very same manner.

16.     Making matters worse, when the Named Plaintiffs, through their counsel, contacted Defendants in writing in late September 2013 to address Defendants' egregious employment practices, Defendants launched a wholesale campaign of retaliation and intimidation against the Named Plaintiffs. This campaign consisted of, *inter alia*: (1) telling Plaintiff Vivaldo that he would no longer receive work assignments as a waiter for special events, which he had previously received, and then implementing this threat; (2) attempting to coerce Named Plaintiffs into signing documents stating that they were voluntarily resigning their employment, when in fact they never had expressed an intention of resigning; (3) telling Named Plaintiffs that they would never find other jobs in the area; and (4) telling other prospective employees in and around Kiryas Joel that Named Plaintiffs were problem employees and should not be hired by anyone else. Defendant Spitzer even attempted to run over Plaintiff Vivaldo with a car, which because Plaintiff saw coming and caused him great fear, rises to the level of an assault under New York common law. On at least one occasion, unknown persons confronted Plaintiff Vivaldo and told him "what do you and your lawyers want."

17.     Moreover, in an October 14, 2013 letter responding to a September 20, 2013 letter from Named Plaintiffs concerning wage and hour practices, Defendant Gluck questioned Named Plaintiffs' immigration status. Defendant Gluck stated that Defendant UTA would be consulting with its attorneys "with the possibility" of contacting law enforcement agencies regarding Named Plaintiffs. Defendant Gluck's threat to embroil the Named Plaintiffs in an immigration

issue with governmental authorities is yet another example of the retaliation Named Plaintiffs have had to endure, since their immigration status has absolutely nothing to do with Defendants' long-standing wage and hour violations, as well as evidence of the Defendants' willful contempt and disregard for the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

18. Named Plaintiffs seeks to bring this suit to recover from Defendants their full payment of all unpaid minimum wages, overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on their own behalf as well as those in the following class:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work at any of Defendants' locations as non-managerial employees who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

19. Defendants treated Named Plaintiff and all FLSA Plaintiffs similarly in that Named Plaintiffs and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were not paid at an amount equal to the minimum hourly required rate of pay per hour worked; were required to work in excess of forty hours each workweek; and were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

20. At all relevant times, Defendants are and have been aware of the requirement to pay Named Plaintiffs and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, as well as the rate of one and one-half times their

6

respective rates of pay for all hours worked each workweek above forty, yet they purposefully chose not to do so.

21.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wage and overtime compensation for all hours worked per workweek.

## RULE 23 CLASS ALLEGATIONS

22.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on their own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendants subjected to violations of the NYLL and the NYCCRR.

23.     Under Fed. R. Civ. P. 23(b)(3), a plaintiff must plead that:

 a. The class is so numerous that joinder is impracticable;

 b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

 c. Claims or defenses of the representative are typical of the class;

 d. The representative will fairly and adequately protect the class; and

 e. A class action is superior to other methods of adjudication.

24.     The Rule 23 Class that Plaintiffs seek to identify includes:

> Current and former employees of Defendants who performed any work for Defendants as non-managerial employees during the statutory period within the State of New York, who: (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) worked in excess of forty hours per week without receiving overtime compensation; and/or (3) were not issued accurate pay stubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3) ("Rule 23 Plaintiffs").

## Numerosity

25.     During the previous six years the Defendants have, in total, employed in excess of at least forty non-managerial employees that are putative members of this class.

## Common Questions of Law and Fact

26.     There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants denied Rule 23 Plaintiffs compensable time for all hours worked; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half their respective straight-time rates of pay for hours worked per week over forty or at the legally-prescribed minimum wage rate for each hour worked; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour worked by the Rule 23 Plaintiffs; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' actions were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

## Typicality of Claims and/or Defenses

27.     As described in the "Background Facts" section below, the Defendants employed Plaintiffs as non-managerial, hourly workers who worked at Defendants' various locations. Plaintiffs' duties, hours, pay rate and pay structure were substantially similar to those of the Rule 23 Plaintiffs.  Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked, for Defendants in excess of forty hours per week, as non-managerial employees, whom the Defendants paid at a set amount per week that covers only their first forty hours, regardless of the hours that they actually worked.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid the minimum wage for each hour worked, time and one-half their straight-time rates for all hours worked in excess of forty, and to be furnished with accurate paystubs on each payday. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

## Adequacy

28.     Plaintiffs, as described below, worked the same or similar hours throughout their employment with Defendants as the Rule 23 Plaintiffs.  The Defendants did not pay Plaintiffs overtime pay for their hours worked over forty each week, or compensate Plaintiffs for all hours worked at the minimum wage rate, which is substantially-similarly to how the Defendants paid the Rule 23 Plaintiffs.  Plaintiffs fully anticipate testifying under oath and providing discovery

responses as to all of the matters raised in this Amended Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

Superiority

29.     Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least substantially-similarly, to the Rule 23 Plaintiffs.

30.     Any lawsuit brought by a non-managerial, hourly employee of the Defendants would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

31.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

32.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## **BACKGROUND FACTS**

### **Backgrounds of the Parties**

33.     Defendant UTA is a New York educational institution that owns and/or operates several schools and study centers in and in close proximity to the town of Kiryas Joel, Monroe, Orange County, New York.

34.     Defendant UTA is part of a larger international religious community.

35.     Many of the leaders of this larger international religious community live, study and teach in and around Defendant UTA and Kiryas Joel, and because of this fact, community

members from all over the world routinely visit Defendant UTA, Kiryas Joel, and the surrounding area.

36. Defendants Gluck and Spitzer are managers or administrators of Defendant UTA.

37. In their capacity as managers or administrators, Defendants Gluck and Spitzer operate and make managerial decisions for Defendant UTA, including at the specific kitchens in the schools where Named Plaintiffs are employed.

38. Defendants Gluck and Spitzer were responsible for setting and/or approving Named Plaintiffs' rate of pay, work schedule, job duties, and all other terms and conditions of Named Plaintiffs' employment. Defendants Spitzer and Gluck have the authority to terminate Named Plaintiffs' employment.

39. In fact, Defendant Spitzer is a "hands-on" manager who diligently performs on-site supervision at each and every one of the UTA locations on a near daily basis.

40. Throughout their employment with the Defendants, Named Plaintiffs have been and are responsible for the preparation of food and beverages, interacting with students and visitors, performing cleaning tasks throughout the premises, and completing other tasks as needed.

41. To complete their duties, Named Plaintiffs were and are frequently responsible for working with food products, disposable packaging products, and cleaning supplies, many of which originated in states other than New York, including products shipped by the numerous vendors that Defendant UTA used and continues to use. Defendants, which as stated, are part of a larger international religious community, also service a national and indeed international clientele.

## The Named Plaintiffs' Work Schedules and Rates of Pay

42.     Defendant Spitzer, on behalf of Defendant UTA, hired Plaintiff Vivaldo on or about February 28, 2011.

43.     From March 2011 through the end of October 2013, the Defendants required Plaintiff Vivaldo to work, and Plaintiff Vivaldo did in fact work, from 7:00 a.m. through 5:00 p.m., Mondays through Fridays, as well as an additional six hours on Sundays.

44.     Thus, pursuant to Defendants' requirements, adding those hours up, Plaintiff Vivaldo's regular schedule consisted of fifty-six hours of work per week.

45.     In exchange for those hours worked, from March 2011 through the beginning of June 2012, although his paystubs show no hourly rate of pay, the Defendants compensated Plaintiff Vivaldo at the rate of $11.87 per hour for the first forty hours of work per week. During that time period, the Defendants did not compensate Plaintiff Vivaldo at any rate of pay, let alone at the statutorily-required minimum wage or overtime rates of pay, for any hours that he worked per week in excess of forty.

46.     In June 2012, the Defendants gave Plaintiff Vivaldo a raise to $12.25 an hour.

47.     From June 2012 through the end of October 2013, the Defendants compensated Plaintiff Vivaldo at the rate of $12.25 per hour for the first forty hours of work per week. During that time period, the Defendants did not compensate Plaintiff Vivaldo at any rate of pay, let alone at the statutorily-required minimum wage or overtime rates of pay, for any hours that he worked per week in excess of forty

48.     Defendant UTA hired Plaintiff Vivaldo's wife, Plaintiff Morales, in approximately March of 2011.

49.     From March 2011 through the end of October 2013, the Defendants required Plaintiff Morales to work, and Plaintiff Morales did in fact work, from 7:30 a.m. through 4:30 p.m., Mondays through Thursdays, 8:30 a.m. through 12:30 am on Fridays, and 8:00 a.m. to 2:30 p.m. on Sundays.

50.     Thus, pursuant to Defendants' requirements, adding those hours up, Plaintiff Morales' regular schedule consisted of over forty-six hours of work per week.

51.     In exchange for those hours worked, from approximately March 2011 through the end of October 2013, although her paystubs show no hourly rate of pay, the Defendants compensated Plaintiff Morales at the rate of $9.00 per hour for the first forty hours of work per week. During that time period, the Defendants did not compensate Plaintiff Morales at any rate of pay, let alone at the statutorily-required minimum wage or overtime rates of pay, for any hours that she worked per week in excess of forty.

**Inaccurate and Incomplete Wage Statements**

52.     Between March of 2011 and late 2013, Defendants paid Named Plaintiffs on a weekly basis.

53.     On each occasion when they paid Named Plaintiffs during that time period, the Defendants failed to furnish Named Plaintiffs with accurate and/or complete wage statements as required by the NYLL. Indeed, the wage statements that Defendants provided to Named Plaintiffs failed to list Named Plaintiffs' respective straight time rates of pay, overtime rates of pay, compute their respective gross wages using their overtime rate of pay, or explain how Named Plaintiffs' wages were computed.

54.     Furthermore, the pay stubs that Defendants furnished to Named Plaintiffs failed to properly account for all hours that Named Plaintiff actually worked.

**Defendants' Acts of Retaliation and Assault Against Named Plaintiffs**

55.     On or about September 2013, Named Plaintiffs, through counsel, wrote to Defendant Spitzer at Defendant UTA regarding the above described illegal wage practices, demanding compensation for the Defendants' violations, as well as that such illegal practices cease and desist going forward. Named Plaintiffs also cautioned Defendants from engaging in any acts of retaliation pursuant to their letter. Unfortunately, Named Plaintiffs' letter, rather than preventing retaliation against Named Plaintiffs, had the exact opposite effect.

56.     To be sure, immediately after they received the Named Plaintiffs' letter in late September 2013 regarding their egregious employment practices, Defendants launched a wholesale campaign of retaliation and intimidation against the Named Plaintiffs. This campaign consisted of, *inter alia*: telling Plaintiff Vivaldo that he would no longer receive work assignments as a waiter at special events and then implementing that threat; attempting to coerce Named Plaintiffs into signing documents stating that they were voluntarily resigning their employment, despite the fact that Named Plaintiffs had never expressed any desire to quit their jobs; telling Named Plaintiffs that they would never find other jobs in the community; and telling other prospective employers within the Kiryas Joel area that the Named Plaintiffs were problem employees and should not be hired for other jobs.

57.     Additionally, in approximately December of 2013, several weeks after Defendants were placed on written notice of their wage and hour violations,, Defendant Spitzer attempted to run over Plaintiff Vivaldo with a car. Plaintiff Vivaldo saw Defendant Spitzer driving the car at him, and this caused in him the apprehension that he was about suffer physical harm.

58.     On at least one other occasion, unknown persons confronted Plaintiff Vivaldo demanding to know "what he and his lawyers wanted and were doing."

59.     Additionally, in October 2013, Defendant Gluck's responded to Named Plaintiffs' September 30, 2013 letter concerning on-going wage and hour violations with a blatant threat that Defendants would report Named Plaintiffs to law enforcement authorities in connection with alleged immigration issues - matters having nothing to do with Defendants' wage and hour violations.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

60.     Named Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

62.     As described above, Defendants are employers within the meaning of the FLSA while Named Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

63.     As also described above, Named Plaintiffs and FLSA Plaintiffs frequently worked in excess of forty hours each week, yet Defendants failed to compensate Named Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

64.     Defendants' actions were in willful violation of the FLSA.

65.     Named Plaintiffs and FLSA Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the FLSA's overtime provisions.

66.     Named Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the FLSA*

67.     Named Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

69.     As described above, Defendants are employers within the meaning of the FLSA while Named Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

70.     As also described above, Defendants did not compensate Named Plaintiffs and FLSA Plaintiffs for all hours worked at the minimum hourly rate required by the FLSA.

71.     Defendants' actions were in willful violation of the FLSA.

72.     Named Plaintiffs and FLSA Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the FLSA's minimum wage provisions.

73.     Named Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and NYCCRR*

74.     Named Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.     NYLL § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

76. As described above, Defendants are employers within the meaning of the NYLL while Named Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

77. As also described above, Named Plaintiffs and Rule 23 Plaintiffs frequently worked in excess of forty hours each week, yet Defendants failed to compensate Named Plaintiffs and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

78. Defendants' actions were in willful violation of the NYLL and NYCCRR.

79. Named Plaintiffs and Rule 23 Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the NYLL's and NYCCRR's overtime provisions.

80. Named Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest for Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the NYLL*

81. Named Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82. NYLL § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked.

83. As described above, Defendants are employers within the meaning of the NYLL while Named Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

84. As also described above, Defendants did not compensate Named Plaintiffs and Rule 23 Plaintiffs for all hours worked at the minimum hourly rate required by the NYLL.

85. Defendants' actions were in willful violation of the NYLL.

86.     Named Plaintiffs and Rule 23 Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the NYLL's minimum wage provisions.

87.     Named Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the NYLL's minimum wage provisions.

88.     Defendants' actions were in willful violation of the NYLL.

89.     Named Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the NYLL's minimum wage provisions.

90.     Named Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the NYLL's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

91.     Named Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

93.     As described above, Defendants willfully failed to furnish Named Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

94. Pursuant to NYLL § 198(1-d), Defendants are liable to Named Plaintiffs and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

95. For their failures, besides the statutory penalties, Defendants are also liable to Named Plaintiffs and Rule 23 Plaintiffs for liquidated damages and attorneys' fees.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation under the NYLL*

96. Named Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

97. NYLL § 215(1)(a) prohibits employers or their agents from discharging or otherwise discriminating or retaliating against any employee for having made a complaint to the employer regarding any violation of the Labor Law.

98. As described above, after the Named Plaintiffs engaged in protected activity under the NYLL, the Defendants retaliated by subjecting the Named Plaintiffs to the above-described adverse employment actions and hostile work environment that was severe or pervasive.

99. Defendants' actions constitute retaliation in violation of the NYLL.

## SEVENTH CLAIM FOR RELIEF BY VIVALDO AGAINST DEFENDANT SPITZER
*Assault*

100. Plaintiff Vivaldo repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

101. Defendant Spitzer, as described above, intended to cause Plaintiff Vivaldo to suffer apprehension of an immediate harmful or offensive contact when he tried to run over Plaintiff Vivaldo with his car in late October or early November of 2013.

102. As a direct cause of Defendant Spitzer's intent to cause Plaintiff Vivaldo to suffer apprehension of an immediate harmful or offensive contact, Defendant Spitzer's actions caused Plaintiff Vivaldo to suffer apprehension of an imminent harmful or offensive contact.

103. The aforementioned conduct has caused Plaintiff Vivaldo severe emotional distress.

104. As a proximate cause of Defendant's Spitzer's acts and omissions, Plaintiff Vivaldo has in the past and will in the future suffer damages, including but not limited to mental anguish, emotional distress and humiliation.

## DEMAND FOR A JURY TRIAL

105. Pursuant to Federal Rule of Civil Procedure 38(b), Named Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws.

b. An order restraining Defendants from any retaliation against Named Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs for participation in any form in this litigation;

c.   Certification of the claims brought in this case under the NYLL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d.   All damages that Named Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Named Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

e.   Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL for the conduct complained of herein;

f.   Punitive damages for the Defendants' retaliatory conduct in violation of Section 215 of the NYLL, as well as all other damages available under the section, included but not limited to back pay, front pay, emotional distress damages, and all other damages recoverable under that section;

g.   Punitive and compensatory damages for Defendant Spitzer's intentionally tortious conduct;

h.   Awarding Named Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.   Designation of Plaintiff and his counsel as class/collective action representatives under the FLSA and Federal Rules of Civil Procedure;

j.   Pre-judgment and post-judgment interest, as provided by law;

k.      Granting Named Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs other and

further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
October 24, 2014

Respectfully submitted,
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____

JEFFREY R. MAGUIRE (JM 1982)
MICHAEL J. BORRELLI (MB 8533)
ALEXANDER T. COLEMAN (AC 1717)