```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

OSCAR VIVALDO, et al.,                      :

                     Plaintiffs,    :

  - against -                                       :

UNITED TALMUDICAL ACADEMY of       :
KIRYAS JOEL, INC., et al.,
                                 :

                     Defendants.
------------------------------------------------------------x

**REPORT AND RECOMMENDATION TO THE HONORABLE LEWIS A. KAPLAN**

14cv2636-LAK-FM

**FRANK MAAS,** United States Magistrate Judge.

       Plaintiffs Oscar Vivaldo ("Vivaldo") and Guadalupe Morales ("Morales") (together, the "Plaintiffs") bring this action on behalf of themselves and other persons similarly situated, alleging that defendants United Talmudical Academy of Kiryas Joel, Inc. ("UTA-KJ"), Wolf Gluck ("Gluck"), and Aaron Spitzer ("Spitzer") (collectively, the "Defendants"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq. (ECF No. 23 (Am. Compl.) ("Compl.")).

       The Plaintiffs' have now moved to (a) certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to the NYLL claims, (b) designate the named Plaintiffs as class representatives, and (c) designate Plaintiffs' counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. (See ECF Nos. 41, 42). For the reasons that follow, I recommend that Plaintiffs' motion be granted.

I.      Factual and Procedural Background[1]

Defendant UTA-KJ is a private Jewish educational institution affiliated with the Hasidic Satmar community, which owns and operates schools and educational facilities in and around the town of Kiryas Joel in Orange County, New York.[2] (Compl. ¶¶ 33-34). Nearly eight thousand children, ranging in age from pre-kindergarten through the twelfth grade, attend UTA-KJ's nine schools. (UTA-KJ Tr. at 23, 32). Each school has at least one kitchen and lunchroom, where students and teachers are served breakfast, lunch, and snacks each day. (Id. at 32-33). At any given time, approximately seventy people work as UTA-KJ kitchen employees. (Id. at 33-34). These employees prepare and serve food, and clean the kitchens and school buildings. (Id. at 34; see also Compl. ¶ 40). Defendants Gluck and Spitzer are UTA-KJ administrators who manage the UTA-KJ's kitchens and kitchen employees. (Compl. ¶¶ 36-38).

The Defendants hired plaintiffs Vivaldo and Morales in early 2011 to work as non-managerial kitchen staff. (See Vivaldo Tr. at 13-14; Morales Tr. at 10). After Vivaldo was hired, he worked 56 hours per week for weekly pay of $475. (Vivaldo Tr.

---

[1] The facts are derived from the declarations and exhibits annexed to Plaintiffs' motion papers. (See Am. Decl. of Jeffrey R. Maguire, Esq. (ECF No. 49) ("Maguire Decl."); Maguire Decl. Ex. A (Dep. of UTA-KJ Rule 30(b)(6) Witness ("UTA-KJ Tr.")); Maguire Decl. Ex. B (Excerpts of Dep. of Oscar Vivaldo ("Vivaldo Tr.")); Maguire Decl. Ex. C (Excerpts of Dep. of Guadalupe Morales ("Morales Tr.")); Maguire Decl. Ex. D (Excerpts of Dep. of Aaron Spitzer ("Spitzer Tr.")); Decl. of Michael J. Borrelli, Esq. in Support of Pls.' Mot. for Class Cert. (ECF No. 43) ("Borelli Decl."); see also Pls.' Mot. for Class Certification (ECF No. 41) ("Pls.' Class Cert. Mot."); Pls.' Mem. in Supp. of Mot. for Class Certification (ECF No. 42) ("Pls.' Class Cert. Mem.")).

[2] UTA schools also operate in other areas with large Satmar populations, including Williamsburg, Brooklyn, and Monsey, New York. (UTA-KJ Tr. at 35-36).

2

at 15; Spitzer Tr. at 59-60). Morales worked a schedule equivalent to 57.5 hours per week for weekly pay between approximately $350 and $400. (See Maguire Decl. Ex. G). All non-managerial UTA-KJ kitchen employees performed the same duties and were compensated in the same manner. (See UTA-KJ Tr. at 33-35, 45-46, 60-61, 72-73). Prior to the installation of an electronic record keeping system in 2013, the Defendants did not keep track of the kitchen employees' hours. (Id. at 46, 53-54; Spitzer Tr. at 78).

The Plaintiffs allege that they regularly worked in excess of 40 hours per week, receiving a flat salary for the first 40 hours worked, and that UTA-KJ did not pay them a minimum hourly wage or any overtime for hours in excess of 40 hours per week. (Compl. ¶¶ 43-51, 77, 84; see also Pls.' Class Cert. Mem. at 3). The Plaintiffs further allege that, in violation of the NYLL, the Defendants failed to provide them with complete and accurate wage statements or keep proper time records. (Compl. ¶ 52-54, 92-93).

On April 10, 2014, the Plaintiffs filed their Complaint, (ECF No. 2), and on April 21, 2014, Your Honor referred the matter to me for general pretrial supervision and to report and recommend regarding dispositive issues. (ECF No. 3). The parties subsequently agreed to conditional certification of this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b). (ECF Nos. 13, 18). Three additional Plaintiffs have since consented to join the class. (ECF Nos. 19, 25, 26).

After I set a briefing schedule for the Plaintiffs' motion for class certification, the Plaintiffs timely filed their motion on June 1, 2015. (ECF Nos. 33, 41-

43).  Thereafter, with the Plaintiffs' consent, Robert Byrne, Esq., the Defendants' counsel, secured an initial extension of the Defendants' time to respond to June 29.  (ECF No. 46).  On June 24, however, again with the Plaintiffs' consent, Mr. Byrne sought a further extension to July 13, which I granted.  (ECF No. 50).  When that date passed, I prepared this Report and Recommendation assuming that the Plaintiffs' motion was unopposed.

On August 12, 2015, as I was about to issue the Report and Recommendation, Mr. Byrne submitted a letter indicating that he had been terminated that day, and requesting that the Defendants' (unidentified) new counsel be afforded an opportunity to file opposition papers.  (See ECF No. 52).  In light of the two prior extensions and his month-long delay in contacting the Court, I denied that request, and I further cautioned Mr. Byrne to comply with Local Civil Rule 4.1 if he wished to withdraw from the case.  (Id.).  The following day, Mr. Byrne faxed a second letter seeking an order relieving him as counsel.  In that letter, Mr. Byrne indicated that he had been terminated for failing to timely file papers in opposition papers to the present motion.

In the absence of any explanation of counsel's failure to file opposition papers, and because it seems clear that the Plaintiffs would have prevailed even if the Defendants had opposed the motion, I have issued this Report and Recommendation despite Mr. Byrne's request.  I note that the Defendants and their successor counsel will

4

have an opportunity to file objections to this Report and Recommendation, or to seek decertification of the class at a later stage of this case should that be warranted.

II.   Rule 23 Class Certification of the NYLL Claims

   A.   Rule 23(a)

To certify the proposed class, the Court must first be satisfied that the Plaintiffs have met the requirements of Rule 23(a) by establishing that (1) "the class is so numerous that joinder of all members is impracticable," (2) "there are questions of law or fact common to the class," (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

"Rule 23 does not set forth a mere pleading standard." Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 159 (S.D.N.Y. 2014) (quoting Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011)). Accordingly, a party seeking class certification bears the burden of establishing its requirements by a preponderance of the evidence. Id. (citing In re Initial Public Offerings Sec. Litig. ("IPO"), 471 F.3d 24, 34, 37-38 (2d Cir. 2006)). Despite that requirement, when a collective action under the FLSA also involves claims under the NYLL, "courts in the Second Circuit routinely certify class actions . . . so that New York State and federal wage and hour claims are considered together." Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 163 (S.D.N.Y. 2008) (alterations omitted; collecting cases). "Factual determinations made at the certification stage," however, "are not binding upon a subsequent fact-finder, including the certifying

court," when it ultimately considers "the merits of the underlying claims." <u>Jackson</u>, 298 F.R.D. at 159 (citing <u>Dukes</u>, 131 S. Ct. at 2551; <u>IPO</u>, 471 F.3d at 41). For this reason, as noted above, the Defendants will have at least two opportunities to challenge any finding that the Plaintiffs have met their burden under Rule 23(a).

        1.     <u>Numerosity</u>

Rule 23(a) first requires the Plaintiffs to demonstrate that the proposed class is so numerous that joinder of all class members would be "impracticable." Numerosity is presumed where a putative class has 40 or more members. <u>Shahriar v. Smith & Wollensky Rest. Grp., Inc.</u>, 659 F.3d 234, 252 (2d Cir. 2011). Here, a list produced by the Defendants shows that 51 individuals were employed as non-managerial kitchen staff in UTA-KJ facilities between April 2011 and August 2014. (<u>See</u> Maguire Decl. Ex. H; Pls. Class Cert. Mem. at 9). Furthermore, UTA-KJ's Rule 30(b)(6) witness testified at deposition that "approximate[ly] 70 people" work in UTA's kitchens. (UTA-KJ Tr. at 33-34). Numerosity, therefore, is satisfied.

        2.     <u>Commonality</u>

The commonality requirement of Rule 23(a)(2) is met "if plaintiffs' grievances share a common question of law or fact," <u>Robinson v. Metro-North Commuter R.R. Co.</u>, 267 F.3d 147, 155 (2d Cir. 2001) (quoting <u>Marisol A. v. Giuliani</u>, 126 F.3d 372, 376 (2d Cir. 1997)), the "common answers" to which are "apt to drive the resolution of the litigation," <u>Dukes</u>, 131 S. Ct. at 2551. "[E]ven a single question of law or fact common to the members of the class" is sufficient to meet this requirement. <u>Id.</u> at 2562

(quoting Nagareda, The Preexistence Principle and the Structure of the Class Action, 103 Colum. L. Rev. 149, 176, n.110 (2003)).  "In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices."  Jackson, 298 F.R.D. at 163 (quoting Poplawski v. Metroplex on the Atl., LLC, No. 11 cv 3765, 2012 WL 1107711, at *7 (E.D.N.Y. Apr. 2, 2012)).  Here, the Plaintiffs identify five questions common to the class, including whether the Defendants knowingly failed to pay a minimum wage, whether they maintained adequate time records, and whether they furnished employees with adequate wage statements.  (See Pls.' Class Cert. Mem. at 11).

Moreover, the harm that the named Plaintiffs claim to have suffered is the same harm allegedly suffered by each class member.  Thus, each member of the proposed class contends that UTA-KJ paid its kitchen employees a flat wage no matter how many hours they worked.  This factual assertion is uniquely amenable to class-wide resolution.  See, e.g., Ramirez v. Riverbay Corp., 39 F. Supp. 3d 354, 364 (S.D.N.Y. 2014) ("[C]ourts addressing the commonality requirement after Dukes have typically held that the requirement is satisfied where employees claim that they were denied minimum wage or overtime compensation as a result of a corporate employment policy.") (collecting cases).  The mere fact that each class member's hours, weekly pay rates, schedules, and damages may vary somewhat is not enough to find that their claims lack commonality.  See id.  Accordingly, the Plaintiffs have satisfied this second requirement.

3.     Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." The typicality requirement is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Whitehorn v. Wolfgang's Steakhouse, Inc., 275 F.R.D. 193, 199 (S.D.N.Y. 2011) (citation and internal quotation marks omitted). "Typicality . . . does not require that the situations of the named representatives and the class members be identical," In re Oxford Health Plans, Inc. Secs. Litig., 199 F.R.D. 119, 123 (S.D.N.Y. 2001), although the class representatives must have the "incentive to prove all the elements of the cause of action which would be presented by the individual members of the class were they initiating individualized actions," In re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 510 (S.D.N.Y. 1996). Accordingly, "[a]s long as plaintiffs assert . . . that defendants committed the same wrongful acts in the same manner against all members of the class, they establish necessary typicality," Bolanos v. Norwegian Cruise Lines Ltd., 212 F.R.D. 144, 155 (S.D.N.Y. 2002) (quoting In re Towers Fin. Corp. Noteholders Litig., 177 F.R.D. 167, 170 (S.D.N.Y. 1997)) (quotation marks omitted), even if there are "minor variations in the fact patterns underlying individual claims," Robidoux v. Celani, 987 F.2d 931, 936-37 (2d Cir. 1993) (citations omitted).

The Plaintiffs allege that the Defendants, as a matter of policy, failed to pay the minimum wage and required overtime, (UTA-KJ Tr. at 45-46, 49-50, 63-64, 68-69,

72-73; Spitzer Tr. at 59-60), and did not provide adequate wage notices.  (UTA-KJ Tr. at 62-63).  Moreover, the named Plaintiffs and the other class members all were employed in UTA-KJ's kitchens and had the same job responsibilities.  (Id. at 32-35).  This alone is sufficient to establish typicality.  See, e.g., Lee v. ABC Carpet & Home, 236 F.R.D. 193, 204 (S.D.N.Y. 2006) (Typicality requirement is satisfied because "Plaintiff and the prospective class were subject to the same general employment scheme.").  Although the precise circumstances encountered by each named Plaintiff may have varied from those encountered by other class members, this does "not compromise the common question of whether . . . defendants have injured all class members by failing to meet their federal and state law obligations."  Marisol A., 126 F.3d at 377.  The Plaintiffs therefore have satisfied the typicality requirement.

    4.    Adequacy

Rule 23(a)(4) requires that the representative parties "fairly and adequately protect the interests of the class."  To satisfy the adequacy requirement, "[(a)] there should be no conflict between the interests of the class and the named plaintiff[s] nor should there be collusion among the litigants; and [(b)] the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation."  Jolly Roger Offshore Fund Ltd. v. BKF Capital Grp., Inc., No. 07 Civ. 3923 (RWS), 2007 WL 2363610, at *5 (S.D.N.Y. Aug. 16, 2007) (citations omitted).

"Where the 'class representatives are prepared to prosecute fully the action and have no known conflicts with any class member,' the adequacy requirements are

9

met." Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 125 (S.D.N.Y. 2014) (quoting Shahriar, 659 F.3d at 253). The named Plaintiffs have demonstrated their intention to prosecute this case zealously through such actions as retaining counsel, assisting in the preparation of pleadings, and sitting for depositions. (See Pls.' Class Cert. Mem. at 13-14; Vivaldo Tr.; Morales Tr.). This is more than enough to demonstrate their genuine interest in pursuing this case. See Jolly Roger Offshore Fund LTD, 2007 WL 2363610, at *5 ("Plaintiff has alleged a financial injury, has filed both a complaint and a motion to be appointed lead plaintiff, and has retained competent counsel, thereby demonstrating its interest in the outcome of the litigation."). Moreover, there is no reason to believe that the named Plaintiffs have any interests antagonistic to those of the prospective class members, or that they will not adequately protect the class members' interests.

Turning to the adequacy of counsel, Borrelli & Associates has prosecuted over one thousand cases in state and federal court, the large majority of which are employment actions. (See Borrelli Decl. ¶¶ 11-12). Furthermore, the firm has recently been appointed class counsel in a similar matter, (see Maguire Decl. Ex. I), and has litigated many cases that have been certified as FLSA collective actions, (see Pls.' Class Cert. Mem. at 14-15). Accordingly, the adequacy of the proposed class counsel is established. Yuzary v. HSBC Bank USA, N.A., No. 12 Civ. 3693 (PGG), 2013 WL 5492998, at *3 (S.D.N.Y. Apr. 30, 2013) (lawyers deemed adequate to litigate case because they have "substantial experience prosecuting and settling employment class

actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law.").

Both elements of the adequacy requirement consequently are satisfied.

5. Rule 23(a)'s "Implied" Ascertainability Requirement

Although it is not within the express language of Rule 23(a), "courts have added an implied requirement of ascertainability with respect to the class definition." Hamelin v. Faxton-St. Luke's Healthcare, 274 F.R.D. 385, 393 (N.D.N.Y. 2011) (quoting IPO, 471 F.3d at 30) (quotation marks omitted). Thus, courts require that "a class be identifiable before it may be properly certified." Id. at 396 (citing Dunnigan v. Metro. Life. Ins. Co., 214 F.R.D. 125, 135 (S.D.N.Y. 2003)). "An identifiable class exists if its members can be ascertained by reference to objective criteria." Stinson v. City of New York, 282 F.R.D. 360, 367 (S.D.N.Y. 2012) (citation omitted). Here, the proposed class is easily identifiable from the Defendants' own records: Those class members are persons who are or were employed by the Defendants, who performed non-managerial kitchen work in any of the Defendants' locations, on or after April 14, 2008, and who worked more than 40 hours per week without receiving overtime, received compensation below the legally-required minimum rate of pay for each hour over 40 worked, or who were not given complete and accurate pay statements along with their paychecks. (See Pls.' Class Cert. Mem. at 1). This implied requirement consequently also is met.

B.   Rule 23(b)

In addition to satisfying the requirements of Rule 23(a), the Plaintiffs must show that the proposed class satisfies at least one of the three alternative bases for a class action set forth in Rule 23(b).  Brown v. Kelly, 609 F.3d 467, 476 (2d Cir. 2010).  In this case, the Plaintiffs invoke Rule 23(b)(3), which applies when (1) common legal or factual issues predominate over individual issues, and (2) a class action is superior to other methods of adjudication.  Fed. R. Civ. P. 23(b)(3).  This selection is scarcely surprising since the Supreme Court has instructed that Rule 23(b)(3) is the appropriate vehicle for "individualized monetary claims" for backpay.  Dukes, 131 S. Ct. at 2558.

1.   Predominance – Rule 23(b)(3)

The Rule 23(b)(3) predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010) (quoting Amchem Prods., Inc., v. Windsor, 521 U.S. 591, 623 (1997)).  The requirement "ensure[s] that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  Id. (quoting Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 104 (2d Cir. 2007)) (internal quotation marks omitted).  "In order to meet the predominance requirement[,] . . . a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that

are subject only to individualized proof." In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 136 (2d Cir. 2001) (quoting Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1233 (11th Cir. 2000)) (internal quotation marks omitted).

As noted above, there are a number of common questions central to the Plaintiffs' claims that can be resolved through class adjudication, including whether the Defendants' school-wide compensation scheme for non-managerial kitchen employees violated the federal and state wage and hour laws. Whether such an unlawful policy existed is a question sufficient to satisfy the predominance requirement. See Sewell v. Bovis Lend Lease, Inc., No. 09 Civ. 6548 (RLE), 2012 WL 1320124, at *5 (S.D.N.Y. Apr. 16, 2012).

2. Superiority

In order to satisfy Rule 23(b)(3), the plaintiffs also must show that proceeding as a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Courts routinely hold that a class action is superior where . . . potential class members are aggrieved by the same policy, the damages suffered are small in relation to the expense and burden of individual litigation, and many potential class members are currently employed by the defendants." Schear, 297 F.R.D. at 126 (citations omitted).

This case clearly meets this paradigm. The named Plaintiffs and class members are current and former kitchen employees earning low wages, who appear to lack the resources to litigate their claims on an individual basis, and their individual

damages likely are not significant enough to justify the expense of individual litigation. Furthermore, all of the Plaintiffs are alleged to have been subject to the Defendants' common policies which deprived them of minimum wage and overtime payments, complete and accurate wage statements, and accurately-maintained records of their hours. Accordingly, the superiority requirement of Rule 23 is satisfied.

III.   Appointment of Plaintiffs' Counsel as Class Counsel

Rule 23(g)(1) provides: "Unless a statute provides otherwise, a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). The rule further directs that the Court consider: "[T]he work counsel has done in identifying or investigating potential claims in the action; . . . counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; . . . counsel's knowledge of the applicable law; and . . . the resources that counsel will commit to representing the class." Id. As set forth above, the named Plaintiffs have retained Borrelli & Associates which has been prosecuting this case for some time. The work that the firm has performed demonstrates its commitment to the class and to representing the class members' interests. Furthermore, the firm is experienced in class action law and wage and employment litigation. (See Borrrelli Decl. ¶¶ 3, 7-8, 12, 14, 25-26). Indeed, at least one court has previously found the firm to be adequate class counsel in an employment action. See Rosario v. Valentine Avenue Discount Store, Co. Inc., No. 10 cv 5255 (ERK) (LB), 2013 WL 2395288, at *10 (E.D.N.Y. May 31, 2013).

For these reasons, the firm satisfies the requirements of Rule 23(g) and should be appointed as class counsel.

IV.     Conclusion

For the foregoing reasons, the Plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rule of Civil Procedure, (ECF No. 41), should be granted, Plaintiffs Oscar Vivaldo and Guadalupe Morales should be designated as class representatives, and Borrelli & Associates P.L.L.C. should be appointed as class counsel.

V.      Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have fourteen (14) days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (d).  Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan and to my chambers at the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and to any opposing parties.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be directed to Judge Kaplan.  The failure to

file these timely objections will result in a waiver of those objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

Dated:      New York, New York
            August 18, 2015

_____
FRANK MAAS
United States Magistrate Judge

Copies to all Counsel via ECF