UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

OSCAR VIVALDO and GUADALUPE                    Case No. 14-CV-2636 (LAK)(FM)
ROJA MORALES, on behalf of themselves
and all others similarly-situated,

                         Plaintiffs,

   -against-

UNITED TALMUDICAL ACADEMY OF
KIRYAS JOEL, INC., and WOLF GLUCK, an
individual, and, ARON SPITZER, an
individual,
                    Defendants.
-----------------------------------------------------------X

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS TO THE AUGUST 18, 2015 REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE FRANK MAAS

Meltzer, Lippe, Goldstein &
Breitstone, LLP
Gerald C. Waters, Jr.
Larry R. Martinez
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300
*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................................1

ARGUMENT ...................................................................................................................................3

POINT I
THIS COURT MAY CONSIDER LEGAL ARGUMENTS AND FACTS
NOT PREVIOUSLY PRESENTED TO THE MAGISTRATE JUDGE .......................3

    A.    DE NOVO STANDARD OF REVIEW ......................................................3

    B.    NEW EVIDENCE MAY BE CONSIDERED............................................3

POINT II
THE REPORT AND RECOMMENDATION CONTAINS FACTUAL
AND LEGAL ERRORS WARRANTING REVERSAL AND REMAND
FOR FURTHER PROCEEDING .....................................................................................6

    A.    THE REPORT AND RECOMMENDATION INCORRECTLY
           HELD PLAINTIFFS SATISFIED NUMEROSITY WITHOUT
           ADDRESSING ANY FACT OTHER THAN THE
           NUMBER OF PUTATIVE CLASS MEMBERS......................................6

          i.    THE COURT DID NOT ADDRESS, AND PLAINTIFFS
               DO NOT SATISFY, THE ROBIDOUX FACTORS
               ESTABLISHED BY THE SECOND CIRCUIT ..............................6

          ii.    PLAINTIFFS ALTERNATIVELY DO NOT SATISFY
               NUMEROSITY PURSUANT TO THIEBES
               V. WAL-MART STORES.................................................................9

    B.    THE REPORT AND RECOMMENDATION INCORRECTLY
           HELD PLAINTIFFS SATISFIED COMMONALITY, AS NAMED
           PLAINTIFF MORALES RECEIVED OVERTIME .............................11

    C.    THE REPORT AND RECOMMENDATION INCORRECTLY
           HELD PLAINTIFFS SATISFIED TYPICALITY AS NAMED
           PLAINTIFFS RECEIVED OVERTIME AND LACK
           KNOWLEDGE OF THE CLASS CLAIMS..........................................12

    D.    THE REPORT AND RECOMMENDATION INCORRECTLY
           HELD PLAINTIFFS ARE ADEQUATE CLASS
           REPRESENTATIVES............................................................................14

CONCLUSION..............................................................................................................................15

# TABLE OF AUTHORITIES

Page

Federal Cases

Bolanos v. Norwegian Cruise Lines Ltd., 212 F.R.D. 144 (S.D.N.Y. 2002) ............................... 13

Brown v. Kelly, 609 F.3d 467 (2d Cir. 2010).............................................................................. 12

Dungan, et al. v. The Academy of Ivy Ridge, et al., 249 F.R.D. 413 (N.D.N.Y. 2008)................. 3

Hynes v. Squillace, 143 F.3d 653 (2d Cir. 1998) .......................................................................... 3

Jackson v. Bloomberg, L.P., 298 F.R.D. 152 (S.D.N.Y. 2014)..................................................... 11

Jolly Roger Offshore Fund Ltd. v. BKF Capital Grp., Inc., No. 07 Civ. 3923 (RWS), 2007 WL
    2363610 (S.D.N.Y. Aug. 16, 2007) .......................................................................................... 15

Morangelli, et al. v. Hemed Corp., et al., 275 F.R.D. 99 (E.D.N.Y. 2011) ...................... 12, 13, 14

Morris v. Amalgamated Lithographers of Am., Local One, 994 F. Supp. 161 (S.D.N.Y. 1998)3, 4

Myers v. Crouse Health Sys., 274 F.R.D. 404 (N.D.N.Y. 2011).................................................. 10

Niemiec, et al. v. Ann Bendick Realty, et al., 2007 WL 51570271 (E.D.N.Y. Apr. 23, 2008).... 10

Noble v. 93 Univ. Place Corp., 224 F.R.D. 330 (S.D.N.Y. 2004)................................................ 10

Robidoux v. Celani, 987 F.2d 931 (2d Cir. 1992) ......................................................................... 7

Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147 (2d Cir. 2001).............................. 11

Thiebes v. Wal-Mart Stores, Inc., 2002 WL 479840 (D.Or. Jan. 9, 2002)..................................... 9

Utility Audit Group v. Capital One, N.A., 2015 WL 1439622 (E.D.N.Y. Mar. 26, 2015) ............ 3

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. __ (2011); 131 S. Ct. 2541 (2011)............................. 11

Federal Statutes

28 U.S.C. §636(b)(1) ....................................................................................................................... 3

28 U.S.C. §636(b)(1)(B) ................................................................................................................. 3

28 U.S.C. §636(c) ........................................................................................................................... 3

29 U.S.C. 216(b) ............................................................................................................................. 9

Federal Rules

Fed. R. Civ. P. 23 .................................................................................................... 1, 2, 15

Fed. R. Civ. P. 23(a)(4) ................................................................................................ 14

Fed. R. Civ. P. 30(b)(6) .................................................................................................. 7

Fed. R. Civ. P. 23(a) ...................................................................................................... 6

Fed. R. Civ. P. 23(a)(2) ................................................................................................ 11

Fed. R. Civ. P. 30(b)(6) .................................................................................................. 7

## PRELIMINARY STATEMENT

The instant matter comes before this Court upon objection to the Honorable Magistrate Judge Frank Maas' August 18, 2015 Report and Recommendation ("R&R") in which Magistrate Judge Maas recommended class action certification of Plaintiffs' New York Labor Law claims pursuant to Fed. R. Civ. P. 23. As detailed below, based on an omission of their prior counsel, Defendants did not submit an opposition to the Plaintiffs' class certification motion. However, Defendants submit the Report and Recommendation contains legal and factual errors which militate against the finding of class certification. Accordingly, Defendants respectfully submit the Report and Recommendation should be rejected and this matter proceed with further discovery to determine whether a class, in fact, exists in this case.

Briefly, Plaintiffs allege their class consists of seventy (70) individuals. However, and after allowing for a comprehensive opt-in period pursuant to the Fair Labor Standards Act ("FLSA"), only five (5) total Plaintiffs exist in this matter. The dearth of Plaintiffs in this matter has not been explained by Plaintiffs' counsel and precludes any finding of numerosity.

Further, in a case involving a claim of failure to pay overtime, one of the named Plaintiffs admitted at deposition that she did, in fact, receive overtime while employed by the United Talmudical Academy of Kiryas Joel, Inc. ("UTA"). This critical admission precludes Plaintiffs from satisfying the Rule 23 elements of commonality, typicality and adequacy of representation. It is beyond peradventure that a class member should share the same claims with the very class she seeks to represent. Given this admission, this universal tenet of class action law remains unsatisfied. Moreover, based on their deposition testimony it is clear the proposed class representatives have little, if any, knowledge of the class claims. Both named Plaintiffs admitted they failed to speak with or understand their co-workers' compensation structure – including

whether or not they received overtime.  Ultimately, because the Plaintiffs failed to satisfy most, if not all, of the requirements of Fed. R. Civ. P. 23, Defendants' objections should be sustained and the Report and Recommendation should be rejected in its entirety.

## ARGUMENT

### I.    THIS COURT MAY CONSIDER LEGAL ARGUMENTS AND FACTS NOT PREVIOUSLY PRESENTED TO THE MAGISTRATE JUDGE

#### A.  De Novo Standard Of Review

As this Court is aware, a District Court may designate a Magistrate Judge to submit proposed findings of fact and recommendations with respect to a motion for certification of a class action. 28 U.S.C. §636 (b)(1)(B); see also, Dungan, et al. v. The Academy at Ivy Ridge, et al., 249 F.R.D. 413, 414 (N.D.N.Y. 2008).  "In such situations, where objections are filed to the proposed findings and recommendations, the court must make a 'de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Dungan, 249 F.R.D. at 414, quoting 28 U.S.C. §636(c).   Regardless of whether objections are filed "the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations."  Utility Audit Group v. Capital One, N.A., 2015 WL 1439622, *2 (E.D.N.Y. Mar. 26, 2015).

#### B.  New Evidence May Be Considered

Upon de novo review of a report and recommendation, the District Court has "'discretion to consider evidence that had not been submitted to the magistrate judge.'"  Utility Audit Group, 2015 WL 1439622 at *2, quoting Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998); see also, 28 U.S.C. §636(b)(1)("[t]he judge may . . . receive further evidence" upon de novo review of a report and recommendation)(added emphasis in original).  Indeed, this Court has previously held "there may be cases in which the receipt of further evidence [after a Report and Recommendation is issued] is appropriate . . ."  Id. at *3, quoting Morris v. Amalgamated Lithographers of Am., Local One, 994 F. Supp. 161, 163 (S.D.N.Y. 1998).

Specifically, in <u>Morris v. Amalgamated Lithographers of Am., Local One</u>, this Court addressed the issue of "new evidence" not available to a Magistrate Judge being subsequently presented by parties objecting to the Magistrate's Report and Recommendation. In this regard, the Court identified four (4) specific concerns which could militate against receipt of further evidence by the District Judge reviewing objections to the Report and Recommendation. These concerns, which are not present in this case, include: (1) it could be "wasteful of the time of both the magistrate and district judges, the former having been compelled to write an arguably useless report based on less than the universe of relevant evidence and the latter being deprived of the benefit of the magistrate's considered view of the entire record"; (2) the parties "would be put to the burden of proceedings which, to a considerable degree, would be duplicative"; (3) parties may be "encouraged to withhold [embarrassing as well as particularly helpful] evidence" using it only in the event they failed to prevail before the Magistrate Judge; and, (4) accepting evidence which could have, but was not, presented to the Magistrate Judge would "reward careless preparation of the initial papers." <u>Morris</u>, 994 F. Supp. at 163. As further discussed below, Defendants submit none of the concerns identified by this Court in <u>Morris</u> are present in this case.

First and as outlined in the September 11, 2015 Affidavit of Abraham Glanz ("Glanz Affidavit"), Defendants intended to present all available evidence to Magistrate Maas in the form of a formal opposition to Plaintiffs' June 1, 2015 motion for a class certification. Glanz. Aff. at ¶¶ 17, 22, 25. Unfortunately, Defendants' prior counsel did not submit an opposition to Plaintiffs' motion – this inaction was both unauthorized and unacceptable to Defendants. Although Defendants respectfully requested the opportunity to present an opposition to Plaintiffs' motion, Magistrate Judge Frank Maas denied same. Glanz Aff. at ¶¶ 30, 31. While

Defendants do not seek now to challenge Magistrate Maas' decision, Defendants nevertheless respectfully submit the ability to oppose Plaintiffs' motion for class certification would have mooted the first <u>Morris</u> factor as <u>all</u> evidence would have been provided to the Magistrate for his consideration prior to the issuance of the instant Report and Recommendation.

Second and with respect to any concerns regarding duplicative efforts, this factor should be afforded less weight in FLSA/New York Labor Law class certification actions where the issues of certification and decertification will necessarily be revisited at various stages in a case. Indeed, Judge Mass acknowledged this reality in the Report and Recommendation by noting: "Defendants and their successor counsel will have an opportunity to . . . seek decertification of the class at a later state of this case should that be warranted. . . . [Indeed] Defendants will have at least two opportunities to challenge any finding that the Plaintiffs have met their burden under Rule 23(a)." Waters Decl. Ex. A, Report and Recommendation ("Ex. A, R&R") at pp. 4-6.[1]

The third <u>Morris</u> factor appears inapplicable to this case. As Defendants did not submit <u>any</u> evidence to the Court opposing Plaintiffs' motion, they cannot reasonably be accused of "withholding [certain embarrassing] evidence" at the initial briefing stage to later introduce same only after the magistrate judge issued an adverse ruling. Similarly, with respect to the fourth factor ("reward[ing] careless preparation of the initial papers"), again, as Defendants did not submit any opposition papers, Defendants do not seek to present additional <u>limited</u> evidence that was carelessly omitted. Rather, Defendants seek to provide the <u>entirety</u> of evidence that should have been included in their opposition to Plaintiffs' motion for class certification. Although a comprehensive opposition may be inappropriate at this stage in the proceedings, Defendants take this opportunity to provide critical facts that were not earlier provided via opposition to

---

[1] All exhibits cited herein are attached to the September 11, 2015 Declaration of Gerald C. Waters, Jr. and will hereinafter be cited only by reference to the exhibit letter and, as necessary, a brief description of the document.

Plaintiffs' motion for a class action.  This failure was not "careless."  Rather, such failure was rare, unreasonable and outside the scope of the type of mundane failures contemplated by this Court in <u>Morris</u>.  In sum, Defendants' position is not the product of strategy or carelessness, rather, it is the result of abject failure by its former counsel and unrelated to the fervent desire of the Defendants to litigate and defend this matter to its completion.

Indeed, after Defendants learned of prior counsel's failure to submit an opposition to Plaintiffs' motion, they immediately sought and retained new counsel.  Glanz. Aff. at ¶ 29.  Defendants seek to continue their vigorous defense of this matter and respectfully aver, the facts relevant to the four factor test established by this Court weigh in favor of permitting the review of "new" evidence in Defendants' Objections to Magistrate Judge Frank Maas' Report and Recommendation.  Accordingly, Defendants present, in seriatim, objections to the Report and Recommendation.  It need only be noted the presentation and acceptance of this "new" evidence will neither delay this matter to the extent objections are permissible by statute, nor prejudice the Plaintiffs to the extent they must be prepared to litigate objections as well as potential motion practice related to decertification of any certified class.

## II.  THE REPORT AND RECOMMENDATION CONTAINS FACTUAL AND LEGAL ERRORS WARRANTING REVERSAL AND REMAND FOR FURTHER PROCEEDING

### A. The Report And Recommendation Incorrectly Held Plaintiffs Satisfied Numerosity Without Addressing Any Fact Other Than The Number Of Putative Class Members

#### i. The Court Did Not Address, And Plaintiffs Do Not Satisfy, The Robidoux Factors Established By The Second Circuit

The Report and Recommendation held Plaintiffs satisfied FRCP 23(a)'s "numerosity" requirement.  <u>See</u>, Exhibit A, R&R at p. 6. This finding was based <u>solely</u> on a "list produced by [] Defendants show[ing] [that] 51 individuals were employed as non-managerial kitchen staff in

[UTA] facilities between April 2011 and August 2014" and the fact that UTA's Fed. R. Civ. P.
"30(b)(6) witness[2] testified at deposition that 'approximate[ly] 70 people' work in UTA's
kitchens."   Exhibit A, R&R at p. 6.   Although the Court identified the requirement that
"Plaintiffs [] demonstrate that the proposed class is so numerous that joinder of all class
members would be 'impracticable'", the Report and Recommendation fails to discuss or examine
the "impracticable" nature of same.

It is well settled that the determination of whether numerosity exists for purposes of class
certification does not rest on "mere numbers."   Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir.
1992).   Indeed, a numerosity analysis requires the Court to also "address other factors relevant to
the practicability of joinder."   Robidoux, 987 F.2d at 936.   Specifically, the Second Circuit has
held, Courts must also consider other "[r]elevant considerations [which] include [1] judicial
economy arising from the avoidance of a multiplicity of actions, [2] [the] geographic dispersion
of class members, [3] [the] financial resources of class members, [4] the ability of claimants to
institute individual suits, and [5] the requests for prospective injunctive relief which would
involve future class members." Id. (citations omitted).   It is beyond question none of the
foregoing factors were considered nor addressed by Magistrate Mass in his Report and
Recommendation. See, Exhibit A, R&R at p. 6.   Defendants submit had the Court taken the
foregoing factors into consideration, the Magistrate would not have found the numerosity
requirement was established in this case.   This legal omission by the Magistrate militates against
certification at this time.   Analysis of the Robidoux factors follows.

---

[2] Defendants contest Plaintiff's' use of the entirety of Yechezkel Steinmetz's testimony as being that of an Fed. R.
Civ. P. 30(b)(6) witness.  Notably, portions of Mr. Steinmetz's testimony was outside the scope of the Plaintiffs'
FRCP 30(b)(6) notice of deposition and therefore should not be relied upon as 30(b)(6) testimony. See, Exhibit B,
pp. 38-39.

With respect to the first factor, judicial economy, Defendants submit economy will not be adversely affected by the filing of multiple actions as such filings are unlikely to occur. If the Court denies class action, this matter will proceed with the five (5) current Plaintiffs and it is unlikely, based on the prior events in this matter, that subsequent separate lawsuits will be filed. For example, Plaintiffs notified current and former UTA cleaners and kitchen staff of this action by notice of pendency on or about September 5, 2014 – over one (1) year ago. See, Exhibit C, ECF Doc. 18. Despite sending this notice, in English and Spanish, to three (3) years' worth of UTA current and former employees (51 individuals total) just three (3) individuals opted into the matter thereafter. See Exhibit D, ECF Docs. 19, 25, 26. Notably, the last individual to opt-in, did so nearly one (1) year ago (See Exhibit D, ECF Doc. 26, filed November 5, 2014). The dearth of opt-in Plaintiffs strongly suggests interest in this matter is limited at best and unlikely to create additional, or numerous separate litigation.

With respect to the second Robidoux factor (geographic dispersion), the purported class members reside in and around the Monroe, New York area. See, Exhibit E.  As such, and given the federal question at issue (FLSA) it is unlikely a court other than the Southern District of New York would have jurisdiction over any potential separate lawsuit (in the unlikely event one was filed). Accordingly, there is a paltry chance claims would be filed in various courts throughout a large geographic area, and as such, this factor weighs against a finding of impracticability of joinder.

Further, with respect to factor three (financial resources) although unaware of the specific salaries or earnings of former UTA employee purported class members, the putative class members who remain employed by UTA are paid at least federal and state minimum wage, plus applicable overtime, etc. This factor, along with the fourth factor (ability to institute individual

suits), is uniquely less instructive in wage and hour claims wherein the prevailing parties' attorneys' fees are paid by the defendant. See, 29 U.S.C. 216(b). Indeed, the Court can take judicial notice that most wage and hour plaintiffs are responsible for very little, if any, up-front costs of litigating such matters (e.g., the cost of filing the complaint).

Finally, with respect to the fifth factor, injunctive relief in this wage and hour case (or others that theoretically could follow) would likely be limited to ensuring Defendants (assuming arguendo and without any admission regarding same) continue to pay wages in compliance with federal and state wage and hour laws. Such injunctive relief is unlikely to produce inconsistent equitable decisions. As such, a review of the Robidoux factors supports a finding that joinder is not impracticable; numerosity is not met; and class action certification should be denied.

### ii. Plaintiffs Alternatively Do Not Satisfy Numerosity Pursuant to Thiebes v. Wal-Mart Stores

Although analysis of the Robidoux factors weighs heavily in Defendants favor, and against a finding of numerosity, Plaintiffs also and alternatively fail to satisfy numerosity pursuant to Thiebes v. Wal-Mart Stores. In Thiebes v. Wal-Mart Stores, Inc., the U.S. District Court for the District of Oregon refused to certify a class action when only 2.7% of the putative collective action members opted-in to the matter. Thiebes v. Wal-Mart Stores, Inc., 2002 WL 479840, *3 (D.Or. Jan. 9, 2002). In rejecting plaintiffs' argument to use the total putative plaintiff number (over 15,000 putative plaintiffs) to satisfy numerosity, the Court found "the appropriate figure on which to focus is the 425 individuals who decided to opt into the collective action. The fact that such a small percentage of the employees opted-in is telling . . . and cautions against a finding that joinder is impracticable ...." Thiebes, 2002 WL 479840 at *3.

Although the <u>Thiebes</u> decision has not yet been embraced by courts within the Second Circuit[3], Defendants have not identified a Second Circuit decision rejecting <u>Thiebes</u> and avers <u>Thiebes</u> provides a valid and persuasive numerosity analysis. Moreover, the district court cases which rejected an ultimate application of <u>Thiebes</u> are easily distinguishable as they found numerosity was established (despite a low number of opt-ins), based on factors not present in this matter.

For example, in <u>Noble v. 93 Univ. Place Corp.</u>, "the court found that numerosity was satisfied with only three FLSA opt-in plaintiffs." <u>Noble v. 93 Univ. Place Corp.</u>, 224 F.R.D. 330, 342 (S.D.N.Y. 2004). The <u>Noble</u> Court, however, found critical plaintiffs' allegations that putative collective members failed to opt-in based on "fear[] of reprisal, especially given their citizenship status." <u>Noble</u>, 224 F.R.D. at 342. By contrast, Plaintiffs in the instant matter have not presented any plausible evidence or explanation of why so few putative collective action members have opted in.

Although Defendants expect Plaintiffs will argue the named Plaintiffs were asked to resign and Plaintiff Vivaldo was "assaulted" with a car, such claims are unsupported by fact. Specifically, Vivaldo (who alleged an anticipated offensive touching) admitted a lack of such anticipation; the relevant testimony follows:

Q: Were you ever afraid that he was going to run you over?

A: Could you repeat the question?

Q: Sure. Did you think that Mr. Spitzer was going to run you over?

A. I don't know. I have no way of knowing.

Exhibit F, p. 102, ll. 6-12.

---

[3] <u>See</u>, e.g., <u>Myers v. Crouse Health Sys.</u>, 274 F.R.D. 404, 414 (N.D.N.Y. 2011); <u>Niemiec, et al. v. Ann Bendick Realty, et al.</u>, 2007 WL 51570271, *6 (E.D.N.Y. Apr. 23, 2008).

Moreover, the allegations noted above related to incidents specific to the named Plaintiffs, which occurred without witness by other putative plaintiffs. See, Exhibit F, pp. 92-94. As such, assuming arguendo these actions occurred, it does not explain or account for the dearth of opt-ins in this matter. More importantly, both named Plaintiffs remain gainfully employed by Defendants which acts to refute any claim of retaliation. Accordingly, the mitigating factors cited in Noble do not apply in this mater, and the Court should alternatively find pursuant to the reasoning in Thiebes, that numerosity is not satisfied.

Overall, as the Robidoux factors weigh heavily in Defendants' favor, and Plaintiffs present a meager number of total Plaintiffs, Plaintiffs fail to meet numerosity. For these reasons, the Report and Recommendation should be rejected and a class action should not be certified.

B. The Report And Recommendation Incorrectly Held Plaintiffs Satisfied Commonality, As Named Plaintiff Morales Received Overtime

As Judge Maas noted, the commonality requirement of FRCP 23(a)(2) is met if "plaintiffs' grievances share a common question of law or fact," Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 155 (2d Cir. 2001)(quoting Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997)), the "common answers" to which are "apt to drive the resolution of the litigation," Wal-Mart Stores, Inc. v. Dukes, 564 U.S. __ (2011); 131 S. Ct. 2541, 2551 (2011); see also Exhibit A, R&R at p. 6. Judge Maas further explained "in wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful policies." Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 163 (S.D.N.Y. 2014); see also, Exhibit A, R&R, p. 7. In finding the commonality element was satisfied, Judge Maas relied almost exclusively on the finding "the harm that the named Plaintiffs claim to have suffered is the same harm allegedly suffered by each class member." Exhibit A, R&R p. 7.

However, the two (2) named Plaintiffs have not established they suffered the same alleged harm; notably, Plaintiff Morales admits she was paid overtime.

During her deposition, after initially <u>denying</u> she received overtime pay, Morales <u>admitted</u> she received overtime on numerous occasions during her employment.  <u>See</u>, Exhibit G, pp. 68-72 of Morales Deposition.  These critical admissions are further supported by payroll records showing Morales' receipt of overtime payments for nearly <u>every week</u> of work between January 2012 through February 2015.  <u>See</u>, Exhibit H.  Morales' admissions combined with the documentary evidence of overtime pay, refutes any claim or suggestion regarding the existence of a "common policy or practice of unlawful policies" in this case.  Furthermore, this evidence also undermines the finding that "the harm that the named Plaintiffs claim to have suffered is the same harm allegedly suffered by each class member."  Stated another way, Morales– <u>who may have no claim at all</u> – certainly cannot establish she suffered the same alleged "harm" as other class members.  Accordingly, because Plaintiffs cannot establish the existence of a "common policy" the element of commonality cannot be established; and, Defendants' objection to class certification should be sustained.

      C.  <u>The Report And Recommendation Incorrectly Held Plaintiffs Satisfied Typicality As Named Plaintiffs Received Overtime And Lack Knowledge Of The Class Claims</u>

The typicality requirement "'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  <u>Morangelli, et al. v. Hemed Corp., et al.</u>, 275 F.R.D. 99, 118 (E.D.N.Y. 2011), quoting <u>Brown v. Kelly</u>, 609 F.3d 467, 476 (2d Cir. 2010).  The "purpose of the typicality requirement is to ensure that the interest of the class representative align with those of the class, so that by prosecuting his own case he simultaneously advances the interests of the absent class

members." Morangelli, 275 F.R.D. at 118 (citations omitted).  Said another way, "as long as plaintiffs assert . . . that defendants committed the same wrongful acts in the same manner against all members of the class, they establish necessary typicality." Id., quoting Bolanos v. Norwegian Cruise Lines Ltd., 212 F.R.D. 144, 155 (S.D.N.Y. 2002)(emphasis added).  In this case and contrary to the findings set forth in the Report and Recommendation, Plaintiffs cannot establish the typicality requirement.

As detailed above, named Plaintiff Morales admitted she received overtime and payroll records corroborate same.  These acknowledged facts preclude a finding that Defendants committed any alleged wrongful act "in the same manner against all members of the class." Id. Accordingly, Plaintiffs cannot establish typicality for this straightforward reason.  Notably, Plaintiffs also fail to satisfy typicality based on their lack of knowledge of the salient facts of this matter and the claims of the class.

Importantly, "[c]ertification should be denied . . . if the proposed class representative demonstrates such a lack of knowledge and understanding of the claims and theories raised in the case that he is or she is unable to make informed decisions and cannot meaningfully supervise class counsel." Morangelli, 275 F.R.D. at 119 (citations omitted).  Here, Plaintiffs' own deposition testimony belies any claim they understand the nature of the suit, or have knowledge sufficient to "ensure that the interest of the class representative align with those of the class." Id. at 118.

For example, named Plaintiff Morales (who seeks to be a class representative) testified: (a) she did not prepare for her April 22, 2015 deposition; (b) she did not review the complaint filed in this matter; (c); she did not review the amended complaint filed in this matter; (d) she was for all intents and purposes convinced by her longtime boyfriend (Ms. Morales refers to Mr.

Vivaldo as her "husband", but admitted at deposition she is not married) to sue the Defendants; (e) she does not know two (2) of the three (3) opt-in plaintiffs; (f) she does not know if the individuals she works with earned overtime; (g) she does not know how much the other six (6) employees in her work location earn; (h) she has never spoken with employees stationed at her own location, or other UTA locations, regarding the instant lawsuit; (i) she has never spoken with employees stationed at other UTA locations regarding her wages, the wages they earn, and their job duties. See, Exhibit G, pp. 6, 35, 36, 37, 38, 40, 41, 52.

Similarly, named Plaintiff Vivaldo (who seeks to be a class representative) testified: (a) he does not speak with UTA employees at other locations; (b) he does not know if his sole co-worker, Fidencio Cuevas, earns overtime pay; (c) he does not know if any of the other UTA kitchen staff work overtime hours; (d) he does not know and/or has not spoken with any of the three (3) opt-in Plaintiffs; (e) he does not know how much the opt-in Plaintiffs earn; (f) he only worked in one of UTA's building. See, Exhibit F, pp. 27, 29 - 35.

Although the "bar for showing sufficient knowledge is quite low," Morangelli, 275 F.R.D. at 119, the foregoing admissions establish Ms. Morales and Mr. Vivaldo lack sufficient knowledge to meet even this reduced standard. As such, the class should not be certified and the Report and Recommendation should be not be adopted by this Court.

D. The Report And Recommendation Incorrectly Held Plaintiffs Are Adequate Class Representatives

Rule 23(a) requires that the representative parties "fairly and adequately protect the interests of the class." Exhibit A, R&R, p. 9, citing Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, "[a] there should be no conflict between the interests of the class and the named plaintiff[s] nor should there be collusion among the litigants; and [b] the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." Jolly

713187-2                                        14

<u>Roger Offshore Fund Ltd. v. BKF Capital Grp., Inc.</u>, No. 07 Civ. 3923 (RWS), 2007 WL 2363610, *5 (S.D.N.Y. Aug. 16, 2007)(citations omitted); <u>see also</u> Exhibit A, R&R at p. 9.

For the reasons noted above, the two (2) named Plaintiffs are not adequate representatives. The fact that Ms. Morales admitted to receipt of overtime presents a conflict between her and the remainder of the potential class. Specifically, rather than focusing her efforts in this litigation on furthering the class claims, Morales will be required to litigate her highly individualized claim and essentially refute Defendants' claims that she was paid for overtime hours worked.

Additionally, Ms. Morales is not presenting the same alleged claim as the putative class plaintiffs. Plaintiffs' amended complaint identifies the Fed. R. Civ. P. 23 class as those individuals who, <u>inter alia</u>, "worked in excess of forty hours per week without receiving overtime compensation." <u>See</u>, Exhibit I, Plaintiffs' Amended Complaint, at ¶24. Given the precise class definition, and Plaintiffs' explicit admission she received overtime compensation during the relevant time, Ms. Morales is at the very least, in conflict with those who allegedly have a claim – if not precluded from membership in the purported class. Simply stated, Ms. Morales cannot be expected to represent the interests of a class for which she is not properly a member. Similarly, as noted above Mr. Vivaldo acknowledged he has very little, if any, knowledge of the putative class, or their claims. As such, the named Plaintiffs should not have been approved class representatives and the Report and Recommendation should also be reversed on this point.

## III.   CONCLUSION

As noted above, the Report and Recommendation in this matter was issued without benefit of the Defendants' factual or legal opposition. This omission was through no fault of their own but was borne from a misrepresentation made to the Defendants by their prior counsel.

Defendants should not be penalized with consequences they had no intention or desire to bring about. Indeed, at all times relevant herein Defendants believed they would be fully and adequately represented by counsel and, at a minimum, given an opportunity to discuss whether or not to formally oppose Plaintiffs' motion. This did not occur in this case and, as a result, a factually and legally inaccurate Report and Recommendation ensued. Magistrate Judge Maas was not informed of the utter lack of knowledge of the named Plaintiffs, the fact that Ms. Morales admitted to receiving overtime, the fact that records exist corroborating Ms. Morales' receipt of overtime and an explanation concerning why five (5) of an alleged seventy (70) putative class members, does not satisfy numerosity.   A class action seeking recovery of allegedly unpaid overtime wages should not proceed in a matter where one of the two named Plaintiffs admits to receiving overtime pay and is not likely a proper class member, let alone its representative.   As such, and pursuant to the above factual and legal analysis, Defendants respectfully request their objections to the Report and Recommendation be sustained, and the Report and Recommendation be rejected.

Dated: September 11, 2015
       Mineola, NY 11501

                                        Respectfully submitted,

                                        Meltzer, Lippe, Goldstein &
                                        Breitstone, LLP

                          By:    /s/ Gerald C. Waters, Jr.
                                 Gerald C. Waters, Jr.
                                 Larry R. Martinez
                                 190 Willis Avenue
                                 Mineola, New York 11501
                                 (516) 747-0300
                                 Attorneys for Defendant

713187-2                                16