USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OSCAR VIVALDO and GUADALUPE
ROJA MORALES, on behalf of themselves and all
others similarly-situated,

                        Plaintiffs,

    -against-

UNITED TALMUDICAL ACADEMY OF
KIRYAS JOEL, INC., and WOLF GLUCK, an
individual, and, ARON SPITZER, an
individual,

                        Defendants.
-------------------------------------------------------------x

Civil Action No.: **14-cv-2636 (GWG)**

## ORDER GRANTING MOTION FOR ~~PRELIMINARY APPROVAL OF SETTLEMENT, AND~~ APPROVAL OF PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

This matter comes before the Court on the Plaintiffs' Motion for Preliminary Approval of the Settlement, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion"), which was filed with the Court on August 14, 2017. The terms of the proposed settlement are set forth in the Motion and supporting documents. Having reviewed the Motion, and all documents and exhibits submitted therewith, this Court GRANTS ~~preliminary~~ approval of the [notice of proposed] settlement pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b). Accordingly, it is hereby ORDERED that:

(1)     upon preliminary review, the settlement reached by the parties, as set forth in the Motion and Settlement Agreement and Release ("Settlement Agreement"), including the allocation formula, attorneys' fees, and other terms, is [likely] fair and reasonable to all involved, suffers from no obvious defects, was reached after arms-length negotiations between the parties, and constitutes a reasonable

1

compromise of the claims and defenses in this matter;

(2) the Parties are directed to perform according to the terms set forth in the Settlement Agreement;

(3) If this settlement does not become final for any reason, Plaintiffs and Defendants shall be restored to their respective positions as if no settlement had been reached. Moreover, if this settlement does not become final for any reason, Defendants shall not have waived any objections they may have or may have asserted to the decertification of the class or collective under Rule 23 or Section 216(b);

(4) the Parties' proposed Notice of Pendency of Class Action Settlement ("Notice"), attached as Exhibit B to the Declaration of Jeffrey R. Maguire ("Maguire Declaration"), and the Claim Form, attached as Exhibit C to the Maguire Declaration, are hereby approved *as modified in subsequent Orders of the Court* are found to be a reasonable means of providing notice under the circumstances, and, when completed, shall constitute due and sufficient notice of the settlement to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law;

(5) Class Counsel has designated, and the Court appoints, Settlement Services, Inc., ("SSI" or "Claims Administrator") to be responsible for communicating with Class Members, disseminating the Notice and Claim Forms, accepting and maintaining documents sent by Class Members, including Claim Forms and other documents relating to claims administration, and administering claims for allocation, according to the formula set forth in the Settlement Agreement and its

attachments;

(6) by no later than ~~~~~ (fourteen (14) days after entry of this Order), Defendants are to furnish: SSI, in electronic form, with a list of all Class Members, identified by: (i) name; (ii) employee identification number; (iii) last known address; (iv) Social Security Numbers; and (v) dates of employment during the Relevant Time Period (including the dates during which the Class Member's work performed on behalf of Defendant United Talmudical Academy of Kiryas Joel, Inc. was not recorded by a time clock). The list will be contained in a confidential document that the Defendants shall provide to SSI. The Class Member List is to be used by SSI to effectuate settlement, and may not be disseminated or used for any other purpose;

(7) the Parties are directed to require SSI to send the Notice and Claim Form referenced in (5) above to putative class members by ~~~~~ (thirty-one (31) days of the entry of this Order);

(8) the Parties may make minor, non-substantive revisions to the Notice and Claim Form following the issuance of this Order as they deem appropriate and necessary and to also insert deadlines and dates consistent with this Order without necessity for further Court intervention;

(9) The Parties are directed to require SSI to print in English, Spanish, Russian, and Ukrainian, sufficient copies of the notice for Defendants to include with, or affix to, all current UTA non-managerial kitchen workers' pay checks by on or about ~~~~~ (thirty-one (31) days of the entry of this Order);

(10) the cost of notice and, as incurred, processing of claims, shall be paid from any

3

unclaimed funds as provided for in the Settlement Agreement;

(11) Claims Forms filed by Settlement Class Members must be postmarked by ~~within~~ sixty (60) days after notices are mailed as referenced in (7) above~~)~~;

(12) any Class Member who does not properly and timely mail a Claim Form shall be included in the New York Class, and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined in the Settlement Agreement, including the release of such claims, whether or not such Class Member has objected to the Settlement Agreement and whether or not such Class Member participates in the Settlement by cashing his/her check;

(13) any Class Member who submits a timely and valid Claim Form as set forth above ~~shall be included in the New York and Federal Class, and~~ shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined in the Settlement Agreement, including the release of such claims, whether or not such Class Member has objected to the Settlement Agreement and whether or not such Class Member participates in the Settlement by cashing his/her check;

(14) Class Counsel shall file their Motion for Judgment and Final Approval on or before _January 31, 2018_, ~~no later than fifteen days before the Fairness Hearing referenced in (16). (No sooner than thirty (30) days after the deadline for Claims Forms to be filed as referenced in (12) and (13) above)~~;

(15) the Court will hold a Fairness Hearing on the above-referenced settlement on

4

February 7, 2018 at 4:00pm, ~~(on or about thirty (30) days after the motion deadline referenced in (15) above)~~, in Courtroom 6B at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007;

(16) any Class Member may appear at the Fairness Hearing in person or by counsel with permission of the Court (if a letter is sent as described in Docket 115-2 (Question 14)) and /may be heard, either in support of or in opposition of the fairness, reasonableness, and adequacy of the Settlement Agreement, the allocation formula, or Class Counsel's request for attorneys' fees and service awards.

(16.a) Any objection must be in writing and be sent ~~provided that such person, individually or through counsel, mails written objections~~ to the Administrator, through first class mail, postmarked or received no later than ~~_____~~ sixty (60) days after the initial mailing of Notice to the Class referenced in (7) above, addressed to SSI Group, LLC, Re: UTA Lawsuit, P.O. Box 1794, Tallahassee, Florida 32302-1794, or to any other address that SSI chooses in the United States and as printed on the Notice to the Class.

(17) The Administrator will stamp the date received on the original and send copies of each objection, with supporting documents, to Plaintiffs' Counsel and Defendants' Counsel by email to be delivered no later than ~~_____~~ three (3) days after receipt of the objection. ~~Any individual who wishes to appear at the hearing and be heard must affirmatively state so in his/her objection. Any individual who wishes to appear at the hearing and be heard through counsel must also affirmatively state so in his/her objection, and must have his/her counsel file a notice of appearance by no later than~~

5

~~two (2) weeks before the date of the Fairness Hearing in (15) above~~ [handwritten insertion above]

(18) any Class Member who does not make his/her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement or to the award of attorneys' fees to Class Counsel or enhancement payments to any Plaintiff or Opt-in Plaintiff, unless otherwise ordered by the Court.

(19) the date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to change by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court or on the Court's website or docket. The Court may approve the Settlement Agreement, if appropriate, without further notice to the Class;

(20) all reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement;

(21) in the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement [handwritten: or by the Court] the Settlement and all proceedings had in connection therewith shall be null and void, except to the extent such nullification and voidance would be contrary to the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendants and the members of the Settlement Classes. In the event that either party terminates the Settlement Agreement in accordance with Section XIII, the terminating party shall be

6

responsible for paying all of the Settlement Administrator's fees incurred;

(22) in accordance with the Settlement Agreement, neither the agreement itself, nor any of the negotiations, statements, and proceedings in connection therewith, shall be construed or deemed to be evidence of an admission or concession on the part of Plaintiffs, Defendants, any member of the Settlement Class, or any other person of the truth of any of the allegations in the Litigation and/or of any liability, fault, or wrongdoing of any kind or, that class or conditional certification whereas appropriate under Rule 23 and Section 216(b).

SO ORDERED THIS 11th day of September, 2017.

_____
THE HONORABLE GABRIEL W. GORENSTEIN, U.S.M.J.