```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OSCAR VIVALDO et al.,                                :

                Plaintiffs,                       :         14 Civ 2636 (GWG)

  -v.-                                                           :

                                                                          :
UNITED TALMUDICAL ACADEMY OF
KIRYAS JOEL, INC. et al.,                            :

                Defendants.                     :
------------------------------------------------------------X

Order Granting Final Approval of Class and
Collective Action Settlement, Service Awards, an Award of Attorneys' Fees and
Expenses, and the Entry of Final Judgment

## GABRIEL W. GORENSTEIN, United States Magistrate Judge

      The plaintiffs in this matter filed a Motion for Approval of Proposed Notice of Settlement and Class Action Settlement Procedure on September 11, 2017 ("Preliminary Approval Order") (Docket # 120). A fairness hearing was held on February 7, 2018. This Order contains the Court's findings of fact.

      1.     This Order uses the terms and definitions in the Settlement Agreement and the other papers filed in support of the settlement. The requirements for certification of a class under Fed. R. Civ. P. 23 are set forth in detail in a prior decision of this Court, Romero v. La Revise Associates, 2014 WL 5840531, at *2-3 (S.D.N.Y. Nov. 12, 2014). We apply those same principles in this case.

      2.     This Court has subject matter jurisdiction over this litigation and all members of the Federal and New York Class.

      3.     The Court has previously approved this action as a class action. It now certifies the following Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3), which is narrower than the previously-approved class but which still meets the requirements for class certification:

> all current and former non-managerial kitchen workers employed by Defendants between April 14, 2008 through the date the of Preliminary Approval Order who performed work on behalf of Defendant United Talmudical Academy of Kiryas Joel, Inc., prior to the implementation of a time clock.

4.      After consideration of the evidence, the Court finds that the mailing and distribution of the Notice of Class Action Settlement ("Notice"), together with the Claim Form and Release, constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Settlement Class Members whose mailing addresses and other contact information were identified through reasonable effort, as well as notice by alternative means to those Settlement Class Members whose physical addresses were not located, constituted sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

5.      The Court finds that Class Counsel has vigorously prosecuted this case, including conducting extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful investigation and discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement. Class Counsel has extensive experience in wage and hour collective and class action litigation, and Class Counsel was therefore well equipped to negotiate a fair settlement for the named Plaintiffs, Opt-in Plaintiffs, and Settlement Class Members. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because of their extensive experience in similar actions. Defendants' counsel likewise has experience in this area and they too believe that the Settlement is fair and reasonable. All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the Settlement, including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

6.      The Settlement provides for a Settlement Fund of $1,000,000, of which $735,000 is available to satisfy the claims of the Settlement Class Members. Out of 60 mailed notices, twelve Class Members submitted Claim Forms, and no Class Members objected. All twelve Class Members who submitted a Claim Form will receive an amount based on the number of weeks that he or she worked between April 14, 2008 and September 11, 2017, on behalf of Defendant United Talmudical Academy of Kiryas Joel, Inc., prior to the implementation of a time clock. Recovery for each Class Member will be based on the formula stated in the Settlement Agreement.

7.      As explained in the motion papers, there were a number of risks in pursuing this litigation and the ultimate terms of settlement reflected a realistic evaluation of the risk by Class Counsel. Given the disputed issues of fact and law and the risks to the Settlement Class Members, and the further delay that would be caused by continued litigation, including potential trial, and the subsequent appeal of any judgment after trial, the Settlement is fair, reasonable, and in the best interests of the Settlement Class Members.

8.      The Settlement properly provides for a $7,500 Service Award each for Named Plaintiffs Oscar Vivaldo and Guadalupe Rojas Morales, totaling $15,000.

9. The Settlement properly provides for a payment of $250,000, or the equivalent of 25% of the total Settlement Fund, for attorneys' fees, plus $4,234.79 for Class Counsel's out-of-pocket expenses to be paid from the unclaimed funds, totaling $254,234.79. This amount is less than the percentage awarded in many other cases and is appropriately proportional to what would be awarded if a "lodestar" analysis was used.

10. Class Administrator fees are to be paid from the unclaimed funds in the amount of $13,750.

11. Employer-side payroll taxes are to be paid from the unclaimed funds, or separate from the Settlement Fund.

12. All individuals who submitted Claim Forms stated on the form that they were joining this action as plaintiffs. These forms have now been filed under seal with the Court. (Docket # 127). Accordingly, the Court deems these individuals to have joined this action as plaintiffs pursuant to 29 U.S.C. § 216(b).

13. Pursuant to Fed. R. Civ. P. 23 and Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), this Court hereby approves the Settlement, finding that it is fair, reasonable, adequate, and in the best interest of Class Members, and satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3). The Settlement reflects a reasonable compromise over contested issues involving a bona fide dispute. The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Preliminary Approval Order, and orders all parties to take the necessary steps to effectuate the Settlement.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

(a) The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final.

(b) The Parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment.

(c) The Named Plaintiffs, Opt-in Plaintiffs, and all members of the Settlement Classes shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

(d) All Class Members, including all Named and Opt-in Plaintiffs, but with the exception of Judith Shezuri, who submitted a request for exclusion from the Class, will release Defendants from New York Labor Law wage and hour claims that were asserted or could have been asserted in this lawsuit.

(e) The Named Plaintiffs, three Opt-in Plaintiffs, and all Class Members that submitted valid Claim Forms, will release Defendants from all Fair Labor Standards Act claims that were asserted or could have been asserted in this lawsuit, regardless of whether or not such person negotiates his/her settlement check.

(f) All claims against Defendants in this action as provided in the Court-approved Claim Form and Release are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement over the Parties' Settlement and over the administration and distribution of the Settlement Fund.

(g) The requests for Service Awards are granted. Settlement Services, Inc. ("SSI") is hereby ordered to pay Oscar Vivaldo and Guadalupe Roja Morales $7,500 each from the Settlement Fund.

(h) SSI is hereby ordered to distribute the settlement checks from the Settlement Fund to the Class Members that timely submitted valid Claim Forms.

(j) Class Counsel's application for attorneys' fees in the amount of $250,000 is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendants, Class Counsel's request for expenses to be deducted from the unclaimed funds in the amount of $4,234.79 is also granted.

(k) SSI shall be paid $13,750 in Class Administrator fees from the Settlement Amount, to be deducted from the unclaimed funds.

(l) Employer-side payroll taxes are to be paid by Defendants separate from, or deducted from, the Settlement Fund.

This Order constitutes a Final Judgment pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement. The Clerk is directed to close this case.

SO ORDERED.

Dated: February 9, 2018
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

4